2013 UT App 210

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
TREVOR R. GRANT,
Defendant and Appellant.

Per Curiam Decision
No. 20120295-CA
Filed August 29, 2013

Second District, Farmington Department
The Honorable David M. Connors
No. 091701713

Scott L. Wiggins, Attorney for Appellant
John E. Swallow and Brett J. DelPorto, Attorneys
for Appellee

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1      Defendant Trevor R. Grant appeals his sentence on a conviction of attempted aggravated sexual abuse of a child, a first degree felony. Grant argues that his trial counsel rendered ineffective assistance of counsel by failing to present evidence on all of the circumstances enumerated in Utah Code section 76-5-406.5. *See* Utah Code Ann. § 76-5-406.5 (LexisNexis 2012). We affirm.

¶2      Grant was initially charged with two counts of aggravated sexual abuse of a child, a first degree felony under Utah Code section 76-5-404.1(3) that is subject to a minimum mandatory prison sentence. *See* Utah Code Ann. § 76-5-404.1(5)–(7), (9) (LexisNexis Supp. 2013). In a negotiated plea, Grant pleaded guilty

to one count of attempted aggravated sexual abuse of a child, a first degree felony that is not subject to a minimum mandatory prison sentence. *See id.* § 76-4-102(1)(c)(iii) (LexisNexis Supp. 2013) (providing that an attempt to commit aggravated sexual abuse of a child is punishable as a first degree felony with an indeterminate term of three years to life). The transcripts of the February 16, 2010 and March 30, 2010 hearings demonstrate that the negotiated plea was intended to avoid the minimum mandatory prison sentence that would have been applicable to the original charge and to allow the district court discretion in sentencing. Grant's trial counsel stated at the February 16, 2010 hearing that the charge was "amended to one count of attempted aggravated sexual abuse of a child, which doesn't carry a minimum mandatory" and would "leave sentencing up to the Court without any restrictions." Similarly, at the March 30, 2010 hearing, Grant's trial counsel clarified that "the difference between the attempted and the actual aggravated sex abuse of a child is one has a minimum mandatory and the other one does not have a minimum mandatory" and "part of the deal was that the minimum mandatory not be a part of the sentencing."

¶3    Grant argues that his trial counsel was ineffective "by failing to investigate and present evidence of the circumstances justifying probation or suspension of sentence pursuant to Utah Code [section] 76-5-406.5." However, an "attempt" to commit aggravated sexual abuse of a child is not among the offenses listed in section 76-5-406.5(1). Section 76-5-406.5(1) states, in part,

> In a case involving a conviction for a violation of Section 76-5-402.1, rape of a child; Section 76-5-402.3, object rape of a child; Section 76-5-403.1, sodomy on a child; *or any attempt to commit a felony under those sections* or a conviction for a violation of Subsections 76-5-404.1(4) and (5), aggravated sexual abuse of a child, the court may suspend execution of sentence and consider probation to a residential sexual abuse treatment center only if all of the following

circumstances are found by the court to be present and the court in its discretion, considering the circumstances of the offense, including the nature, frequency, and duration of the conduct, and considering the best interests of the public and the child victim, finds probation to a residential sexual abuse treatment center to be proper . . . .

*Id*. § 76-5-406.5(1) (LexisNexis 2012) (emphasis added).

¶4     While an attempt to commit the first three listed offenses is subject to the requirements of section 76-5-406.5(1) before probation may be granted, an "attempt" to commit aggravated sexual abuse of a child is not. Consistent with that omission from the statute, section 76-3-406 states that,

except as provided in Section 76-5-406.5, probation shall not be granted, the execution or imposition of sentence shall not be suspended, the court shall not enter a judgment for a lower category of offense, and hospitalization shall not be ordered, the effect of which would in any way shorten the prison sentence for any person who commits a capital felony or a first degree felony involving:
    (6) Section 76-5-402.1, rape of a child;
    . . . .
    (8) Section 76-5-402.3, object rape of a child;
    . . . .
    (10) Section 76-5-403.1, sodomy on a child;
    . . . .
    (12) Subsections 76-5-404.1(4) and (5), aggravated sexual abuse of a child;
    . . . .
    (14) *any attempt to commit a felony listed in Subsection (6), (8), or (10).*

*Id*. § 76-3-406 (LexisNexis 2012) (emphasis added). In addition, the attempt statute provides for an indeterminate sentence of three years to life for a criminal attempt to commit "any of the felonies described in Title 76, Chapter 5, Part 4, Sexual Offenses, that are first degree felonies," with the exception of the offenses of rape of a child, object rape of a child, or sodomy on a child. *Id*. § 76-4-102(1)(c)(iii) (LexisNexis Supp. 2013). Because it was not necessary to demonstrate all of the circumstances listed in section 76-5-406.5(1) in order to sentence Grant to probation, trial counsel did not render deficient performance by failing to address all of the enumerated circumstances.

¶5     We next determine whether trial counsel otherwise rendered deficient performance at sentencing. Grant's trial counsel argued for probation, having provided the court and Adult Probation and Parole with a psychological (psychosexual) evaluation and a letter from Grant's counselor in outpatient sexual abuse treatment. The State requested a prison term. The district court also considered a presentence investigation report (PSI) that incorporated the findings of the psychological (psychosexual) evaluation. The PSI noted that the evaluation stated Grant was "a good candidate for outpatient sex offender treatment" and "a low risk to reoffend," but it concluded that "given the duration of the abuse, the defendant's position of trust [with the victim], plus the egregious nature of the continued abuse, this agency feels it should follow the guidelines of the matrix and recommend a prison commitment." Trial counsel's arguments for probation noted that Grant was employed and supporting his family and that his wife required medical care that would prevent her from being employed. Trial counsel adequately presented argument in favor of probation and outpatient treatment—an option that would not even be available under section 76-5-406.5. The district court noted that it had reviewed the PSI, the psychological (psychosexual) evaluation, and the letter provided by Grant's counsel. The court concluded that "[o]n balance," Grant had "been given the benefit of the doubt by the plea negotiations and reducing the charges from the mandatory sentences of 15-to-life down to . . . 3-years to

life." Under these circumstances, Grant's trial counsel did not render ineffective assistance at sentencing and Grant cannot demonstrate that any of the claimed omissions resulted in prejudice in light of the statements made by the district court at sentencing.

¶6    Grant has not demonstrated that trial counsel rendered ineffective assistance at sentencing. Because Grant's motion under rule 23B of the Utah Rules of Appellate Procedure is premised only upon the failure to present additional evidence on the circumstances enumerated in Utah Code section 76-5-406.5, we deny that motion.

¶7    Affirmed.

———————